IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------
KEVIN GRECO,

                                                                             Civil Action No.:

                Plaintiff,
      -against-                           **CIVIL ACTION COMPLAINT**

GB COLLECTS, LLC,

                Defendant.
---------------------------------------------------------------

      Plaintiff, KEVIN GRECO (hereinafter, "Plaintiff"), a New Jersey resident, brings this Complaint by and through the undersigned attorneys against Defendant GB COLLECTS, LLC (hereinafter, "Defendant") based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt

collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a natural person and a resident of the State of New Jersey and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8. Defendant is a collection agency with its principal office located at 1253 Haddonfield Berlin Road, Voorhees, New Jersey 08043.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

12. Some time prior to October 21, 2019, an obligation was allegedly incurred to AMERIHEALTH NEW JERSEY HMO ( R ).

13. The AMERIHEALTH NEW JERSEY HMO ( R ) obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal or family medical purposes.

14. The alleged AMERIHEALTH NEW JERSEY HMO ( R ) obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

15. AMERIHEALTH NEW JERSEY HMO ( R ) is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

16. At some point, AMERIHEALTH NEW JERSEY HMO ( R ) or a purchaser, assignee, or subsequent creditor contracted the Defendant to collect the alleged debt.

17. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal or family medical purposes on behalf of creditors.

18. On or about October 21, 2019, Defendant sent to the Plaintiff a collection letter (the "Letter") regarding the alleged consumer debt. *See* **Exhibit A.**

19. Upon information and belief, the Letter was the first communication from the Defendant to the Plaintiff with regards to the alleged consumer debt.

20. On or about November 14, 2019, Plaintiff sent Defendant a letter disputing the validity of the alleged AMERIHEALTH NEW JERSEY HMO ( R ) debt and requesting validation of the same.

21. On or about December 27, 2019, Defendant sent a second letter to Plaintiff attempting to collect the alleged debt. *See* **Exhibit B**.

22. Sometime after December 27, 2019, Plaintiff received the letter and read it.

23. The December 27, 2019 letter stated, in part: "Balance Due: $531.48"

24. The December 27, 2019 letter further stated: "Due to your lack of payment, we are forced to proceed with further collection activity. In order to resolve this seriously delinquent issue, you must remit payment in full of $531.48 immediately."

25. Pursuant to §1692g of the FDCPA, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall send the consumer a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

26. Pursuant to §1692g of the FDCPA, if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector shall cease collection of the debt, or any portion thereof, until the debt collector obtains verification of the debt and a copy of such verification is mailed to the consumer by the debt collector.

27. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

28. Defendant violated 1692g by continuing its attempt to collect the alleged debt before providing Plaintiff with verification of the same, as requested in Plaintiff's November 14, 2019 dispute letter.

29. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

30. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

31. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5) and 1692e(10).

32. Pursuant to Section 15 U.S.C. §1692e of the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

33. The Defendant violated said provision by using false, deceptive and misleading representations in connection with the collection of a debt in violation of 15 U.S.C. §1692e(10).

34. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

36. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

37. The Defendant violated said section by:

- Continuing collection efforts despite timely receipt of a dispute in violation of § 1692g(b) .
- Overshadowing Plaintiff's validation notice in violation of § 1692g(b).

38. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Awarding Plaintiff statutory damages;

(b) Awarding Plaintiff actual damages;

(c) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(d) Awarding pre-judgment interest and post-judgment interest; and

(e) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: July 8, 2020

By: /s/ Yitzchak Zelman

Yitzchak Zelman, Esq.
MARCUS ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com
*Attorneys for Plaintiff*